UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY D. DIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-1624 |
| | § | |
| | § | |
| JOHN AND JANE DOE, PERSONS UNKNOWN, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Gregory D. Dixon, who is representing himself, filed a complaint seeking a preliminary injunction against "John and Jane Doe, Persons Unknown," based on allegations that various unknown and unidentified individuals are harassing and threatening him. (Docket Entry No. 1). The court granted Dixon's motion to proceed without paying the filing fee. *See Dixon v. Doe, et al.*, No. 4:24-mc-574 (S.D. Tex. Apr. 29, 2024), at Dkt. 2. Because Dixon is proceeding without paying the filing fee, the court is required to closely examine his claims and dismiss the complaint in whole or in part if it determines that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). After reviewing Dixon's complaint and affidavit, the record, and the law, the court dismisses this action. The reasons are explained below.

**I.   Background**

In April 2024, Dixon filed a complaint seeking a preliminary injunction under Federal Rule of Civil Procedure 65 against "John and Jane Doe and Persons Unknown." (Docket Entry No. 1). Dixon alleges that various unknown and unidentified persons have conspired with agents of the

Texas Department of Public Safety, the Department of Homeland Security, the Air Force Office of Special Investigations, the Harris County Sheriff's Office, the Harris County Constables' Offices, and the Lincoln Green East Homeowners' Association to harass him, threaten him, and violate his rights under several federal statutes. (*Id.* at 2).

Dixon details a lengthy sequence of events that began in 2022 when "persons unknown" began hacking into his cell phone, monitoring his whereabouts, defaming his character, and sending strangers to threaten him. (*Id.* at 2-3). Additional events have occurred since then, including the following:

- On January 8, 2022, Dixon and a female co-worker at a Wal-Mart Distribution Center in Irvington, Alabama, got into a dispute over whether the co-worker was using Dixon's truck. As the dispute escalated, the co-worker threatened Dixon. Dixon reported the matter to Wal-Mart and the local Sheriff's Department, but no action was taken against the co-worker.

- In May 2022, Dixon was threatened by someone with a knife while at a gas station in Mississippi. He reported the matter to the Jackson County Sheriff's Office, but the Sheriff's Office took no action against the perpetrator.

- In January 2023, while Dixon was working at a Tesla factory in Austin, Texas, a co-worker threatened him with bodily harm after Dixon refused to stop working and look at something on the co-worker's phone. Tesla suspended Dixon after the altercation. Dixon later reported the matter to the Travis County Sheriff's Office, but that Office refused to investigate the alleged assault by Dixon's co-worker.

- In November 2023, Dixon notified Harris County Sheriff Ed Gonzalez of several "events" that had occurred with several Sheriff's deputies, but Sheriff Gonzalez took no action.

- In December 2023, an unknown man threatened Dixon as he was shopping at a Kroger grocery store. Dixon recorded the man threatening him, and he reported the threats to the Harris County Sheriff's Office. Deputies came to the scene but took no action and simply told Dixon to shop elsewhere. The Sheriff's Office would not permit Dixon to press charges against the unknown man.

- In December 2023, a "Jane Doe" threatened Dixon with a firearm in a "road rage" incident. Dixon followed the woman after the incident while attempting to get the Sheriff's Office to respond to the scene. When officers finally responded, they found no firearm in the woman's car, and they refused to charge her with any offense. Dixon surmises that "Jane Doe" discarded the firearm before the police arrived.

- In January 2024, Dixon was the victim of a "phishing attempt" on his cell phone, which he contends proves that unknown persons have hacked into his cell phone.

- In March 2024, Dixon deleted and attempted to reinstall the Instagram app on his cell phone. He then received a message that the Instagram app would not work on his phone. Dixon contends that this message is further evidence that unknown persons have hacked into his cell phone.

- In March 2024, Dixon was followed in traffic by someone driving a brown Lincoln Continental. At a traffic light, the Lincoln driver confronted Dixon about having taken a photograph of the Lincoln's license plate. The driver threatened Dixon with bodily harm. Dixon reported the matter to the Houston Police Department, but they refused to take any action against the Lincoln driver.

(Docket Entry No. 1, pp. 5-10). Dixon alleges that all these incidents occurred because private individuals are conspiring with various public officials to intimidate, harass, and threaten him due

to his disability.[1]  (*Id.* at 10).  He contends that he is the victim of "organized harassment or stalking" led by "police and military intelligence operations" that is conducted "covertly," with the harassers being "coerced" into the harassment.  (*Id.* at 3).

Citing to English law concerning trespassers, Dixon asserts that the court can issue an "unknown persons" injunction, which he can then enforce against anyone who threatens or harasses him.  (*Id.* at 12-13).  He asks the court to issue such an injunction and serve it on the Texas Department of Public Safety, the Department of Homeland Security, the Air Force Office of Special Investigations, the Harris County Sheriff's Office, the Harris County Constables, and the Lincoln Green East Homeowner's Association.  (*Id.* at 18-19).  He contends that by providing notice of the injunction to these agencies and entities, the injunction will "bind any person who seeks to conspire [with them] against" Dixon and give him "a tool of protection" against harassment.  (*Id.*).

As part of the initial screening required by 28 U.S.C. § 1915(e)(2), the court ordered Dixon to file a more definite statement of his claims.  (Docket Entry No. 6).  In his more definite statement, Dixon admits that neither the listed agencies nor any of their employees have violated any of Dixon's rights.  (Docket Entry No. 7, pp. 1-7).  He also states that he is not requesting that the injunction name any of the listed agencies or entities as parties to the injunction.  (*Id.* at 3).  Instead, he asserts that he can "reasonably assume" that the unknown persons who have harassed him are "possibly" in "active concert" with "members of" the named agencies and entities and so would be bound by the injunction served on those agencies under Rule 65(d)(2)(C) of the Federal Rules of Civil Procedure.  (*Id.* at 2).

---

[1] Dixon alleges that he suffers from schizoaffective disorder.  (Docket Entry No. 1, pp. 3, 6).  He does not explain how any of the individuals who allegedly harassed him know of this diagnosis.

## II. The Legal Standards

### A. Review Under 28 U.S.C. § 1915

Because Dixon is proceeding without paying the filing fee, the court must examine the legal and factual basis of his complaint and dismiss the action if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is "frivolous" for purposes of § 1915(e)(2)(B)(i) "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). "Clearly baseless" facts include those that are "fanciful," "fantastic," and "delusional." *Denton*, 504 U.S. at 32-33.

Whether a complaint fails to state a claim for the purpose of § 1915(e)(2)(B)(ii) is determined by the same standard that applies under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Rogers*, 709 F.3d at 407. Under that standard, the court considers whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In making this analysis, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts

5

pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). Because the determination of whether a claim is frivolous or fails to state a claim may be made before docketing, the court may dismiss a complaint under § 1915 even before service on the defendants. *See In re Jacobs*, 213 F.3d 289, 290 (5th Cir. 2000) (per curiam); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### B. Pleadings from Self-Represented Litigants

Dixon is representing himself. Courts construe pleadings filed by self-represented litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

### III. Discussion

While courts must liberally construe pleadings filed by self-represented litigants, a party's status as a self-represented litigant does not provide an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir.

6

1986). Dixon's allegations of a vast conspiracy between unidentified individuals and multiple government agencies and private associations to harass and threaten him as he goes about his daily life qualify as fantastic, delusional, and factually frivolous. This alone is a basis to dismiss his action. *See Denton*, 504 U.S. at 32-33 (a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional").

Even accepting Dixon's allegations as factual, he does not establish that he is entitled to the relief he seeks. Injunctive relief under Rule 65(a) is an extraordinary remedy that requires the moving party to clearly show the need for an injunction. *See Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). To be entitled to a preliminary injunction, the moving party must allege facts satisfying each of the four criteria for an injunction: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire,* 647 F.3d 585, 595 (5th Cir. 2011) (quoting *Byrum v. Landreth,* 566 F.3d 442, 445 (5th Cir. 2009)). A preliminary injunction will be denied when the moving party "has failed sufficiently to establish *any one* of the [necessary] four criteria." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 275 (5th Cir. 2012) (quoting *Black Fire Fighters Ass'n v. City of Dall., Tex.,* 905 F.2d 63, 65 (5th Cir. 1990) (per curiam) (emphasis in original)).

### A. Likelihood of Success on the Merits

Dixon alleges that he is entitled to an injunction to stop the violations of his rights under 28 U.S.C. § 2361, 18 U.S.C. § 242, 18 U.S.C. § 1030, and Title II of the Americans with Disabilities Act. Because Dixon's allegations do not show that any rights he may have under any of these statutes have been violated, he fails to establish a likelihood of success on the merits.

7

1. Title 28 U.S.C. § 2361

Title 28 U.S.C. § 2361 sets out the process and procedure that apply to statutory interpleader actions. "Statutory interpleader is proper when (1) a stakeholder has a single fund worth at least $500; (2) where two or more adverse claimants with diverse citizenship are competing for that fund; and (3) the stakeholder has deposited the fund in the Court's registry." *Fresh Am. Corp. v. Wal-Mart Stores, Inc.*, 393 F. Supp. 2d 411, 414 (N.D. Tex. 2005) (citing 28 U.S.C. § 1335(a)). Dixon's allegations concerning threats against him by unknown individuals neither state an interpleader action nor show that he has any rights in an interpleader action that have been violated. He does not show a likelihood of success under this statute.

2. Title 18 U.S.C. § 242

Title 18 U.S.C. § 242 criminalizes acts that deprive persons of their constitutional rights under color of law. Dixon does not identify any constitutional right that any of the unidentified individuals or government agencies have violated. As a private citizen, Dixon cannot bring a federal criminal prosecution or enforce criminal statutes. *See Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) ("[A] criminal prosecution pits the government against the governed, not one private citizen against another." (quoting *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (Roberts, C.J., dissenting from dismissal of writ of certiorari))). In addition, § 242 does not provide a basis for civil liability. *See Gill v. State of Tex.* 153 F. App'x 261, 262 (5th Cir. 2005) (per curiam) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960)); *see also Ali v. Shabazz*, 8 F.3d 22, 1993 WL 456323, at *1 (5th Cir. Oct. 28, 1993) (recognizing that § 242 does not provide for a private right of action and so there is no statutory basis for inferring that it could support a civil cause of action). Because Dixon has no standing to enforce this statute and

8

does not allege facts falling within its scope, he does not show a likelihood of success under this statute.

### 3. Title 18 U.S.C. § 1030

Title 18 U.S.C. § 1030 criminalizes certain types of fraud and related activities in connection with computers. As a criminal statute, it is not generally enforceable by a private party. And while it does provide for a private right of action in limited circumstances, none of Dixon's allegations concerning the alleged monitoring and hacking of his cell phone fall within those circumstances. *See* § 1030(c)(4)(A)(i), (g) (permitting an action for damages or injunctive relief if the plaintiff can show a loss of computer equipment during any one-year period of at least $5,000 in value; a loss due to the modification or impairment of the medical examination, diagnosis, treatment, or care of one or more individuals; physical injury to any person; a threat to public health or safety; or damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security). Because Dixon's allegations do not show that he falls within the scope of this statute, he has not established a likelihood of success under this statute.

### 4. The Americans With Disabilities Act

To obtain injunctive relief under Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131, *et seq.*, Dixon must allege facts showing: "(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability." *Wells v. Thaler*, 460 F. App'x 303, 311 (5th Cir.

2012) (per curiam) (quoting *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (per curiam)).[2] The only proper defendant in an action under Title II is a public entity. *See, e.g., United States v. Georgia*, 546 U.S. 151, 153-54 (2006); *see also Caldwell v. Dall. Cnty. Sheriff,* No. 3:04-cv-2166-L, 2006 WL 298128, at *2 (N.D. Tex. Feb. 2, 2006) ("Title II of the ADA provides for redress for discrimination against a public entity. It does not permit relief against individuals.") (cleaned up); *Peña v. Bexar County, Tex.*, 726 F. Supp. 2d 675, 689-90 (W.D. Tex. 2010) (collecting cases holding that a plaintiff cannot sue an individual defendant under Title II of the ADA).

Dixon specifically asserts in his complaint and more definite statement that he is not suing "any sheriff's office, state, or federal law enforcement agency." (Docket Entry No. 1, p. 16). Instead, he seeks an injunction against unknown and unidentified individuals. Because Dixon does not seek relief against any entity that is subject to liability under Title II of the ADA, he does not show a likelihood of success under this statute.

### B. The Remaining Elements Necessary for an Injunction

Dixon's failure to show a likelihood of success on the merits bars his claim for injunctive relief without the court having to consider the remaining three elements. *See Black Fire Fighters Ass'n,* 905 F.2d at 65 (because a party seeking an injunction must establish each of the four criteria, a preliminary injunction will be denied when the party fails to establish any one of the four elements). But the court notes that Dixon has not alleged facts sufficient to establish any of the other three elements.

Dixon's allegations of future harm are speculative at best and so do not support a finding that he faces a substantial threat of irreparable injury if the injunction is not issued. *See Carter v.*

---

[2] "To recover monetary damages, a plaintiff must prove that the discrimination was intentional." *Wells v. Thaler*, 460 F. App'x 303, 311-12 (5th Cir. 2012) (per curiam) (citing *Delano–Pyle v. Victoria County, Tex.,* 302 F.3d 567, 574 (5th Cir. 2002)). Because Dixon does not bring a claim for money damages, he need not prove intentional discrimination.

*Orleans Parish Pub. Sch.*, 725 F.2d 261, 263 (5th Cir. 1984) (per curiam) (injunctive relief is inappropriate when sought to prevent injury that is speculative at best). Dixon's speculative allegations of future injury are also insufficient to show that such injury outweighs the harm that would result if the injunction was granted. *See* 18 U.S.C. § 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief"). And while an injunction preventing unlawful agency action does not disserve the public interest, *see Louisiana v. Biden*, 55 F.4th 1017, 1022 (5th Cir. 2002), Dixon does not allege facts showing that any agency has engaged in unlawful activity.

In short, Dixon has not alleged facts establishing any of the elements required to support the issuance of a preliminary injunction. His request for such relief is denied, with prejudice because leave to amend would be futile.

## IV.    Conclusion

Dixon's complaint, (Docket Entry No. 1), is dismissed, with prejudice because amendment would be futile. All pending motions, including Dixon's "Motion to Proceed with Original Caption and Request for No Service," (Docket Entry No. 5), are denied as moot. Final judgment is separately entered.

SIGNED on August 23, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge